IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:08-cr-00016 |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Louis James Allmaras, ) | |
| ) | |
| Defendant. ) | |

On July 22, 2008, Louis James Allmaras ("Allmaras") was sentenced in the United States District Court in North Dakota to a term of imprisonment of six months followed by three years of supervised release for the offense of possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2. On September 24, 2009, Allmaras began his term of supervised release. On February 16, 2011, after Allmaras admitted to the consumption of alcohol, Allmaras consented to a modification of his conditions of release to include placement at a residential reentry center for a period of up to six months. On April 18, 2011, Allmaras was released from the residential reentry center.

On August 5, 2011, Allmaras's probation officer presented a Petition for Warrant or Summons for Offender under Supervision, alleging Allmaras violated a general condition of supervision and special condition #1:

> Mr. Allmaras has violated the general condition which requires him to not possess a firearm, destructive device, or any other dangerous weapon. On August 4, 2011, Mr. Allmaras was arrested for Possession of Firearm by a Felon in Eddy County.
>
> Mr. Allmaras has violated special condition #1 which requires him to totally abstain from the use of alcohol and totally abstain from the use of illegal drugs or possession of controlled substances. On August 4, 2011, supervising officer was informed by an Eddy County Sheriff Deputy that Mr. Allmaras was observed consuming alcohol at a local street dance. Also, during a home contact on August 4, 2011, there were empty beer bottles and cans at his residence.

The court issued a warrant for Allmaras's arrest and a detainer was lodged because Allmaras was in state custody. He was transferred to the custody of the United States Marshal on August 16, 2011.

Allmaras appeared before Magistrate Judge Charles S. Miller on August 16, 2011 for an initial appearance. The parties agreed that Allmaras should be placed at a residential reentry center pending a violation hearing. On August 18, 2011, Allmaras entered a residential reentry center, namely Centre, Inc. in Fargo, North Dakota. The matter was referred to the magistrate judge by Chief Judge Ralph R. Erickson for the preparation of a report and recommendation. A violation hearing was conducted on September 6, 2011. Keith Reisenauer, Assistant United States Attorney, appeared on behalf of the government, along with Stacey Levingston, Allmaras's probation officer. Christopher Lancaster, Assistant Federal Public Defender, appeared on behalf of the defendant. The defendant consented to the magistrate judge conducting the hearing and making a recommendation for disposition.

At the hearing, the government moved to dismiss the first violation alleging that Allmaras possessed a firearm, and Allmaras admitted the second allegation contained in the petition. The magistrate judge finds his admission was voluntary and knowingly made, and it has a basis in fact. Accordingly, the magistrate judge **RECOMMENDS** a finding that a violation of special condition #1 has occurred.

Allmaras's violation of special condition #1 constitutes a Grade C violation. See USSG § 7B1.1(a). For a Grade C violation, the court may revoke supervised release, extend the term of supervised release, and/or modify the conditions of supervision. Allmaras was originally sentenced with a criminal history of category V. Under USSG § 7B1.4 the range of

imprisonment for a Grade C violation for a defendant with a criminal history of V is seven to thirteen months.

The parties agreed to the modification of Allmaras's supervised release as follows:

(1) Until September 12, 2011, Defendant shall reside at a Residential Facility to be designated by the Pretrial Services Officer and shall participate in the center's programs and abide by its rules and regulations;

(2) Defendant shall participate in a home confinement program for ninety days beginning on September 12, 2011. The home confinement program will include electronic monitoring. Defendant shall review and sign a home confinement program agreement provided by the Pretrial Services Officer and shall follow the procedures specified by the Pretrial Services Officer. Defendant shall pay all costs associated with the program, unless the Pretrial Services Officer determines the Defendant is financially unable to pay;

(3) Defendant shall submit to regular electronic alcohol monitoring for ninety days beginning on September 12, 2011, which may include a Sobrietor breathalyzer, transdermal alcohol sensing bracelet, or other device. Defendant shall review and sign a program agreement provided by the Pretrial Services Office and shall follow the procedures specified by the Pretrial Services Officer. Defendant shall pay all costs associated with the program, unless the Pretrial Services Officer determines the defendant is financially unable to pay;

(4) Defendant shall comply with all of the terms of his/her state or federal probation, parole, or supervised release.

The magistrate judge finds the agreed upon modification appropriate and therefore **RECOMMENDS** Allmaras's supervised release be modified consistent with the parties' agreement. It is noted that at the violation hearing the magistrate judge entered an amended order setting conditions of release pending a decision on the petition that is consistent with the parties' agreed upon modification. In addition, it is further **RECOMMENDED** that the district judge grant the government's motion to dismiss the first alleged violation that Allmaras possessed a firearm.

Both parties have waived their right to object to this recommendation. An order may be entered on the report and recommendation immediately.

Dated this 8th day of September, 2011.

                                       */s/ Karen K. Klein*
                                       Karen K. Klein
                                       United States Magistrate Judge